<509>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| CHRISTOPHER RATHBUN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MACY'S CREDIT AND | )   JURY TRIAL DEMANDED |
| CUSTOMER SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, CHRISTOPHER RATHBUN, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, MACY'S CREDIT AND CUSTOMER SERVICES, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. §227, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the TCPA pursuant to pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. CHRISTOPHER RATHBUN, (hereinafter, "Plaintiff") is an individual who resides in the City of Brooklyn Center, County of Hennepin, State of Minnesota.

5. MACY'S CREDIT AND CUSTOMER SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Minnesota. Defendant is incorporated in the State of Florida.

1

6.  At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.  ALLEGATIONS

7.  In or around December 2009, and on multiple occasions therein, Defendant initiated telephone calls to Plaintiff in an attempt to collect a debt.

8.  The aforesaid telephone calls were placed to Plaintiff's cellular telephone number.

9.  Upon information and belief, at the time Defendant initiated the aforesaid telephone calls to Plaintiff, Defendant knew or reasonably should have known that the telephone number to which it was calling was Plaintiff's telephone number.

10. The debt on which Defendant was attempting to collect was incurred by an individual other than Plaintiff.

11. Plaintiff does not have any accounts with Defendant.

12. Plaintiff is not legally responsible and/or obligated to pay the debt on which Defendant was attempting to collect.

13. Plaintiff never provided Defendant with consent to initiate telephone calls to his cellular telephone number.

14. Plaintiff never provided Defendant with his cellular telephone number in relation to the debt on which Defendant was attempting to collect.

15. In or around December 2009, at the time Defendant initiated telephone calls to Plaintiff's cellular telephone number it engaged in multiple telephone conversations with Plaintiff.

16. During the course of the aforesaid telephone calls, on multiple occasions, Plaintiff informed Defendant that it had called the wrong telephone number.

17. During the course of the aforesaid telephone calls, on multiple occasions, Plaintiff informed Defendant that he did not owe the debt on which Defendant was attempting to collect.

18. During the course of the aforesaid telephone calls, on multiple occasions, Plaintiff informed Defendant that he did not have an account with Defendant.

19. During the course of the aforesaid telephone calls, on multiple occasions, Plaintiff provided Defendant with his name, his social security number, and his residential address.

20. During the course of the aforesaid telephone calls, on multiple occasions, Plaintiff requested that Defendant cease initiating telephone calls to his cellular telephone number.

21. During the course of the aforesaid telephone calls, on multiple occasions, Plaintiff requested that Defendant remove his cellular telephone number from its call list.

22. During the course of the aforesaid telephone calls, on multiple occasions, Defendant informed Plaintiff that Plaintiff's name, his social security number and his address were not associated with the account on which Defendant was attempting to collect.

23. Nonetheless, in or around December 2009, Defendant continued to contact Plaintiff in an attempt to collect the debt he allegedly owed.

24. During the course of the aforesaid telephone calls, on multiple occasions, Defendant informed Plaintiff that Plaintiff's name, his social security number and his address were not associated with the account on which Defendant was attempting to collect.

25. Subsequent to the aforesaid telephone calls between Plaintiff and Defendant, Defendant had information in its possession that Plaintiff was not the individual who allegedly owed the debt on which it was attempting to collect.

26. Subsequent to the aforesaid telephone calls between Plaintiff and Defendant, Defendant had information in its possession that Plaintiff's cellular telephone number was not the telephone number at which Defendant could reach the individual who allegedly owed the debt on which it was attempting to collect.

27. Subsequent to the aforesaid telephone calls between Plaintiff and Defendant, Defendant was cognizant that Plaintiff was not the individual who allegedly owed the debt on which it was attempting to collect.

28. Subsequent to the aforesaid telephone calls between Plaintiff and Defendant, Defendant was cognizant that Plaintiff's cellular telephone number was not the telephone number at which Defendant could reach the individual who allegedly owed the debt on which it was attempting to collect.

29. In or around December 2009, Plaintiff contacted the Better Business Bureau to complain about the telephone calls that he was receiving from Defendant.

30. Upon information and belief, the Better Business Bureau contacted Defendant to provide them with a copy of Plaintiff's complaint.

31. In or around December 2009, subsequent to Plaintiff having made the aforesaid complaint to the Better Business Bureau, through in on or about November 4, 2011, Defendant ceased contacting Plaintiff on his cellular telephone in an attempt to collect a debt.

32. Despite Plaintiff having advised Defendant of the aforesaid information, on multiple occasions, from on or about November 5, 2011 through in or around March 2012, Defendant continued to initiate telephone calls to Plaintiff's cellular telephone number in a further attempt to collect the aforesaid debt.

33. During the aforesaid time period, when Plaintiff would answer a telephone call from Defendant no one from Defendant would be on the telephone line.

34. Plaintiff ascertained the multiple telephone calls were from Defendant by viewing the telephone number on the caller identification on Plaintiff's cellular telephone.

35. The caller identification on Plaintiff's cellular telephone identified that the multiple telephone calls had originated from Defendant.

36. As a result of Plaintiff not being able to speak to anyone from Defendant when he answered the telephone calls, Plaintiff, during the aforesaid time period, initiated telephone calls to Defendant and spoke to Defendant's duly authorized representatives.

37. During the aforesaid time period, on multiple occasions, after Plaintiff initiated telephone calls to Defendant he spoke to Defendant's duly authorized representatives and advised them he had been receiving multiple telephone calls from Defendant.

38. On or about November 12, 2011, Plaintiff engaged in a telephone conversation with Defendant wherein Plaintiff requested that Defendant remove his cellular telephone number from its call list.

39. During the course of the aforesaid telephone call, Plaintiff provided Defendant with his name, his social security number and his address.

40. Defendant then informed Plaintiff that his personal information was not associated with the account on which Defendant was attempting to collect.

41. Nevertheless, subsequent to Plaintiff's November 12, 2011, telephone conversation with Defendant, through in or around March 2012, Defendant continued to initiate multiple telephone calls to Plaintiff.

42. Again, during the course of the aforesaid telephone calls, on multiple occasions, Plaintiff informed Defendant that he had received multiple telephone calls from Defendant and that Defendant had called the wrong telephone number.

43. Again, during the course of the aforesaid telephone calls, on multiple occasions, Plaintiff informed Defendant that he did not owe the debt on which Defendant was attempting to collect.

44. Again, during the course of the aforesaid telephone calls, on multiple occasions, Plaintiff informed Defendant that he did not have an account with Defendant.

45. Again, during the course of the aforesaid telephone calls, on multiple occasions, Plaintiff provided Defendant with his name, his social security number and his address.

46. Again, during the course of the aforesaid telephone calls, on multiple occasions, Plaintiff requested that Defendant cease initiating telephone calls to his cellular telephone.

47. Again, during the course of the aforesaid telephone calls, on multiple occasions, Plaintiff requested that Defendant remove his cellular telephone number from its call list.

48. Again, subsequent to the aforesaid telephone calls between Plaintiff and Defendant, Defendant had information in its possession that Plaintiff was not the individual who allegedly owed the debt on which it was attempting to collect.

49. Again, subsequent to the aforesaid telephone calls between Plaintiff and Defendant, Defendant had information in its possession that Plaintiff's cellular telephone number was not the telephone number at which Defendant could reach the individual who allegedly owed the debt on which it was attempting to collect.

50. Again, subsequent to the aforesaid telephone calls between Plaintiff and Defendant, Defendant was cognizant that Plaintiff was not the individual who allegedly owed the debt on which it was attempting to collect.

51. Again, subsequent to the aforesaid telephone calls between Plaintiff and Defendant, Defendant was cognizant that Plaintiff's cellular telephone number was not the telephone number at which Defendant could reach the individual who allegedly owed the debt on which it was attempting to collect.

52. During the course of the aforesaid time period, on the following dates, Defendant initiated telephone calls to Plaintiff's cellular telephone in an attempt to collect the debt he allegedly owed:

    a. On or about November 5, 2011, Defendant initiated three (3) telephone calls to Plaintiff's cellular telephone number;

    b. On or about November 10, 2011, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

    c. On or about November 11, 2011, Defendant initiated two (2) telephone calls to Plaintiff's cellular telephone number;

    d. On or about November 12, 2011, Defendant initiated two (2) telephone calls to Plaintiff's cellular telephone number;

    e. On or about December 6, 2011, Defendant initiated two (2) telephone calls to Plaintiff's cellular telephone number;

    f. On or about December 7, 2011, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

g. On or about December 8, 2011, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

h. On or about December 9, 2011, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

i. On or about December 10, 2011, Defendant initiated two (2) telephone calls to Plaintiff's cellular telephone number;

j. On or about December 13, 2011, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

k. On or about December 14, 2011, Defendant initiated three (3) telephone calls to Plaintiff's cellular telephone number;

l. On or about December 15, 2011, Defendant initiated three (3) telephone calls to Plaintiff's cellular telephone number;

m. On or about December 16, 2011, Defendant initiated three (3) telephone calls to Plaintiff's cellular telephone number;

n. On or about December 17, 2011, Defendant initiated three (3) telephone calls to Plaintiff's cellular telephone number;

o. On or about February 4, 2012, Defendant initiated five (5) telephone calls to Plaintiff's cellular telephone number;

p. On or about February 7, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

q. On or about February 8, 2012, Defendant initiated five (5) telephone calls to Plaintiff's cellular telephone number;

 r. On or about February 9, 2012, Defendant initiated five (5) telephone calls to Plaintiff's cellular telephone number;

 s. On or about February 10, 2012, Defendant initiated two (2) telephone calls to Plaintiff's cellular telephone number;

 t. On or about February 11, 2012, Defendant initiated four (4) telephone calls to Plaintiff's cellular telephone number;

 u. On or about February 13, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

 v. On or about February 14, 2012, Defendant initiated five (5) telephone calls to Plaintiff's cellular telephone number;

 w. On or about February 15, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

 x. On or about February 16, 2012, Defendant initiated two (2) telephone calls to Plaintiff's cellular telephone number;

 y. On or about February 17, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

 z. On or about February 20, 2012, Defendant initiated five (5) telephone calls to Plaintiff's cellular telephone number;

 aa. On or about February 21, 2012, Defendant initiated four (4) telephone calls to Plaintiff's cellular telephone number;

 bb. On or about February 22, 2012, Defendant initiated five (5) telephone calls to Plaintiff's cellular telephone number;

      cc.      On or about February 23, 2012, Defendant initiated six (6) telephone calls to Plaintiff's cellular telephone number;

      dd.      On or about February 24, 2012, Defendant initiated four (4) telephone calls to Plaintiff's cellular telephone number; and,

      ee.      On or about February 25, 2012, Defendant initiated four (4) telephone calls to Plaintiff's cellular telephone number.

53. Upon information and belief, during the aforesaid time period, Defendant knew or reasonably should have known Plaintiff would find Defendant's conduct, in initiating multiple telephone calls to Plaintiff's cellular telephone, to be harassing.

54. Upon information and belief, during the aforesaid time period, Defendant knew or reasonably should have known Plaintiff would find Defendant's conduct, in initiating multiple telephone calls to Plaintiff's cellular telephone, to be abusive.

55. During the course of the aforesaid time period, Plaintiff was upset, frustrated and inconvenienced at Defendant's conduct, as delineated above, in initiating multiple telephone calls to his cellular telephone number to collect a debt Plaintiff was not legally obligated to pay.

56. Defendant made and/or placed telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due to Defendant.

57. Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due to Defendant.

58.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff, CHRISTOPHER RATHBUN, by and through his attorneys, respectfully prays for judgment as follows:

a.  All actual compensatory damages suffered;

b.  Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

c.  Statutory damages of $1500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C);

d.  Plaintiff's attorneys' fees and costs; and,

e.  Any other relief deemed appropriate by this Honorable Court.

## V.   JURY DEMAND

59.    Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**CHRISTOPHER RATHBUN**

By:    s/ Greig Dahlke_____
Attorney for Plaintiff

Dated: March 29, 2012

Greig Dahlke (Minnesota Bar No: 0391034)
LARRY P. SMITH & ASSOCIATES, LTD.
1068 Selby Ave.
St. Paul MN 55104
Telephone:  (651) 356-8269
Facsimile:   (888) 418-1277
E-Mail:       gdahlke@smithlaw.us